# United States District Court
FOR THE DISTRICT OF COLUMBIA

Maurita Martin,
David Pennington
P. O. Box 3935,
Hailey ID 833-3935
208-371-3001

Case No 1:05CV02506(EGS)

        Plaintiff(s),

v.

United States
        Defendant.

### AMENDED COMPLAINT, PETITION, AND CLAIM
### IN THE NATURE OF A COMPLAINT, PETITION, AND CLAIM
### UNDER THE AUTHORITY OF 26 U.S.C. § 7433

## I
## INTRODUCTION

1. This Honorable Court has subject matter jurisdiction of these proceedings pursuant to 26 U.S.C. §7433, and derives its rights pursuant to Article III of the Constitution of the United States and Title 28 of the United States Code, as interpreted by Nguyen v. United States, 539 U.S. 69 (2003), and by virtue of sufficient pleadings clearly setting forth the right, title and claim of the plaintiff(s). Maurita Martin, David Pennington plaintiff(s), is/are (a) Citizen(s) of Idaho, a "State in this Union," (Art. IV § 4, United States Constitution), and is/are neither employed by, nor personnel of, the United States Inc., (Art. II, United States Constitution). Defendant through principals, officers, agents, rogue agents and/or employees of the Internal Revenue Service, in connection with the collection of federal tax beginning with "tax year"

1996 recklessly, intentionally or by reason of negligence disregarded and continue to disregard provisions of Title 26 United States Code and the regulations promulgated thereunder as set forth below.

II

## JURISDICTION AND VENUE

2. This court is empowered with subject matter jurisdiction to evaluate the pleadings of plaintiff(s) under informal, relaxed and less restrictive guidelines than ordinarily affords litigants in district courts of the United States, especially *pro se* litigants. See Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652.

3. This court cannot be deprived of subject matter jurisdiction because this action is procedurally proper, places substantive fact issues before this Court via affidavit, and is brought to recover damages from Defendant because Defendant through principals, officers, agents, rogue agents and/or employees of the Internal Revenue Service, in connection with the collection of federal tax recklessly, intentionally or by reason of negligence disregarded and continue to disregard provisions of Title 26 United States Code and the regulations promulgated thereunder;

4. Venue is proper in the United States District Court for the District of Columbia, (26 USC §7433), in the District of Columbia, the Seat of Government, (4 USC § 71, 72, 73);

5. Pursuant to Rule 12(b)(6), FED.R.Civ.P., plaintiff(s) herein state(s) claims upon which relief may be granted and, therefore, *Pro Se* litigant's petition cannot be dismissed for failure to state a claim upon which relief can be granted. See Haines v. Kerner, 404 U.S., 92 S. Ct. 594, 30 L. Ed. 2d 652;

6.  Plaintiff(s) may forego exhausting administrative remedies that are either futile or inadequate, <u>Ft. Sumter Tours, Inc. v Andrus</u> (1977, DC SC) 440 F Supp 914, affd (CA4 SC) 564 F2d 1119, 24 CCF ¶ 81817; <u>Winterberger v General Teamsters Auto Truck Drivers & Helpers</u> (1977, CA9 Or) 558 F2d 923, 96 BNA LRRM 2092, 82 CCH LC ¶ 10085; <u>Wallace v Lynn</u> (1974) 165 App DC 363, 507 F2d 1186, 8 CCH EPD ¶ 9822, or when agency action exceeds statutory authorization. <u>Georgia Dept. of Transp. v Dole</u> (1983, ND Ga) 561 F Supp 1024; <u>Blue Ribbon Quality Meats, Inc. v Federal Trade Com.</u> (1976, WD Mo) 434 F Supp 159, *affd* (CA8) 560 F2d 874, 1977-2 CCH Trade Cases ¶ 61554. and has/have commenced this action within two (2) years after the date on which the right of this action accrued.

### III.

### **COMPLAINT AND STATEMENT OF FACTS**

7.  Beginning with "tax year" 1996 through and including the present year defendant, through principals, officers, agents, rogue agents and/or employees of the Internal Revenue Service, in connection with the collection of federal tax recklessly, intentionally, or by reason of negligence disregarded the following provisions of Title 26 United States Code, the regulations promulgated thereunder[1], and the GAO audit reports for 1993 through and including 2003:

    a.  26 U.S.C §6201(a) by failing to make an assessment of the taxes plaintiff(s) allegedly owe(s);

    b.  26 U.S.C § 6202 by failing to make an assessment of the taxes plaintiff(s)

---

[1] This listing is not inclusive. There may be other provisions of Title 26 and its regulations that plaintiff(s) is/are not aware of which have been disregarded.

allegedly owe(s) within the time and mode set forth by the secretary;

c. 26 U.S.C. §6203 by failing to record an assessment of the taxes plaintiff(s) allegedly owe(s);

d. 26 U.S.C. §6203 by failing to furnish plaintiff(s) copies of records of assessment upon plaintiff(s) request;

e. 26 U.S.C. §7214(a) by attempting and continuing to attempt to collect sums greater than appear on records of assessment;

f. 26 U.S.C. §6159 by abrogating plaintiff(s) guaranteed availability of an installment agreement;

g. 26 U.S.C. §6212 by failing to send plaintiff(s) a notice of deficiency (90 day letter);

h. 26 U.S.C. §6213(a) by failing to notice plaintiff(s) of the last date on which plaintiff(s) could file a petition to the Tax Court;

i. 26 U.S.C. §6321 by filing an invalid and unlawful Notice of Tax Lien against plaintiff(s);

j. 26 U.S.C. §6325 by failing to release the aforementioned lien(s) when it became obvious that said lien(s) was/were invalid and unlawful;

k. 26 U.S.C. §6402 by failing to refund all unassessed taxes taken from plaintiff(s) upon plaintiff(s) written request to the United States Treasurer;

l. 26 U.S.C. §6404(g) by failing to suspend interest and penalties for reason that defendant has not specifically stated the amount of, and the basis for the liability defendant says plaintiff(s) owe(s);

m. 26 U.S.C. §6501(a) by neglecting to assess taxes owed within three years;

n.  26 U.S.C. §6751(a) by failing to include in a notice imposing a penalty (1) the name of the penalty, (2) the Code section authorizing the penalty, and (3) an actual computation of the penalty;

o.  26 U.S.C. §6751(b)(1) by failing to verify that a supervisor had personally approved, in writing, the initial penalty determination;

p.  26 U.S.C. §7123(b)(1) by failing to provide plaintiff(s) with non-binding mediation;

q.  26 U.S.C. §7491(b) by refusing to prove items of income which were reconstructed solely through the use of statistical information on unrelated taxpayers;

r.  By failing to comply with the Federal Records Act, 44 USC § 3101, the National Archives Act, 44 USC § 3106, and federal regulations, at 36 CFR Part 1222, which requires the IRS to make and preserve records containing adequate and proper documentation of, the organization of the agency; the functions of the agency; the policies of the agency; the decisions of the agency; the procedures of the agency; and the essential transactions of the agency. This failure is supported by the GAO audit reports for the years 1993 through and including 2003. Plaintiff(s) provide an extraction from the aforementioned GAO audit reports in support of this claim: The following extractions from the GAO audit reports for the years 1993 through and including 2003 establish that without exception: IRS records are generally unreliable, the IRS cannot generate a file or listing of detailed transactions such as assessments, collections, abatements, refunds, and interest

recorded; IRS permits employees to make unauthorized access and modifications to taxpayer information; IRS cannot retrieve the detailed information needed to summarize individual types of transactions, such as penalties or interest, or support the information included in IRS' reports; IRS cannot ensure that (1) manual entries are appropriate and authorized and (2) any keying errors associated with manually inputted entries are detected; IRS' systems do not routinely produce reliable information about valid and collectible accounts receivable; IRS' automated records contain errors and IRS does not record tax assessments, payments and other activities; IRS controls over cash, checks and related hard copy taxpayer data it receives from taxpayers do not sufficiently limit the risk of theft, loss, or misuse of such funds and data; many assessments were erroneous; IRS stated that it generally agreed with the findings and conclusions in the reports.

8. The IRS has sent numerous letters to the plaintiff each alleging a different amount in dispute. Thus the amount in dispute cannot be completely and accurately ascertained at this time, but will be more fully known after the completion of discovery.

9. Pursuant to 26 C.F.R. §601.702(c) the IRS is required to answer any correspondence of a "taxpayer" within 10 days. Plaintiff(s) have exhausted administrative remedies in that plaintiff(s) has/have written numerous requests for documents and authorities which require responses from the IRS. The IRS has failed and/or refused to respond or has responded with frivolous responses. Requiring plaintiff(s) to again pursue administrative remedies would amount to

nothing more than futile reexhaustion. <u>Hurt v. United States</u>, 914 F. Supp. 1346, (S.D.W.Va. 1996).

## IV
## Legal Authority

10. Section 7433 of the Internal Revenue Code provides "taxpayers" with a cause of action for damages against the United States when in connection with the collection of any federal tax where IRS principals, officers, agents, rogue agents, and/or employees recklessly, intentionally or by reason of negligence disregard any provision of Title 26 United States Code and the regulations promulgated thereunder.

11. Before sums deposited in respect of a "presumed taxpayer" can be converted to use by the United States Treasury, the "taxpayer" must be assessed. The term "assessment" has a technical meaning binding on a court and on the government. <u>United States v. Miller</u>, 318 F.2d 637, (7th Cir. 1963); See also <u>Davis v Strople</u> (Fla) 39 So 2d 468; People ex rel. <u>Mayfield v Springfield</u>, 16 Ill 2d 609, 158 NE2d 582;, 77 Ohio St 311, 83 NE 392; <u>Morissette v United States</u>, 342 US 246; 96 L.Ed. 288; 72 S. St 240;    <u>Case v Los Angeles Lumber Products Co</u>. 308 US 106, 84 L Ed 110, 60 S Ct 1, reh den 308 US 637, 84 L Ed 529, 60 S Ct 258

12. The assessment process regarding federal income taxes is a matter controlled by statutes and regulation; **it is not possible for a "taxpayer" to make an assessment**. 26 C.F.R. §§ 301.6201-1 and 301.6203-1; <u>Girard Trust Bank v. United States</u>, 643 F.2d 725 (Ct.Cl. 1981).

13. The *Internal Revenue Code* articulates clearly what an "assessment" is and the *Code* clearly defines the form which is to be completed for an assessment. In the 1954 and 1986 Internal Revenue Codes, § 6201(a) authorizes the Secretary of the Treasury to make assessments.

14. The method of recording an administrative act such as an assessment is governed by § 6203, which provides:

> The assessment shall be made by recording the liability of the taxpayer in the office of the Secretary in accordance with rules or regulations prescribed by the Secretary. <u>Upon request of the taxpayer</u>, the Secretary shall furnish the taxpayer a copy of the record of assessment (emphasis added).

15. "The term 'Secretary' means the Secretary of the Treasury or his delegate." 26 U.S.C. § 7701(a)(11)(B).

16. The specific tax regulation concerning the assessment process is 26 C.F.R. § 301.6203-1 which reads in pertinent part:

> The district director and the director of the regional service center shall appoint one or more assessment officers. The assessment shall be made by an assessment officer signing the summary record of the assessment. The summary record, through supporting records, shall provide identification of the taxpayer, the character of the liability assessed, the taxable period, if applicable, and the amount of the assessment. The amount of the assessment shall, in the case of tax shown on a return by the taxpayer, be the amount so shown, and in all other cases the amount of the assessment shall be the amount shown on the supporting list or record. See <u>United States v. Coson</u>, 286 F.2d 453 (9th Cir. 1961); <u>Kurio v. United States</u>, 281 F. Supp. 252 (D.C.Tex. 1968); <u>Heck v. Walters</u>, 523 F.2d 23 (C.A. Cal. 1975); <u>United States v. Taylor</u>, 305 F.2d 183 (4th Cir.), *cert. denied*, 371 U.S.

894 (1962).

There can be no dispute that the assessment list is the supporting record and is absolutely essential before a valid assessment can be made. The regulation contemplates a signed document and is consistent with the supporting statute which provides that the taxpayer is entitled to a copy reference to which implies that a hard copy exists.

17. By the Internal Revenue Service's own admission in its IR Manual [5312(1), MT 5300-1 (11-15-85)], the assessment lists support the assessment certificate:

> The foregoing statement from the IR Manual is a party admission that an assessment list must exist. See United States v. Van Griffin, 874 F.2d 634, 638 (9th Cir. 1989) (Government manuals are admissible as party admissions under Fed.R.Evid. 801(d)(2)(D)).

18. In addition to the above IRM provision which proves that Form 23-C is the assessment form, established decisional authority also reveals that a tax assessment is made upon Form 23-C. For example, in Meyersdale Fuel Co. v. United States, 44 F.2d 437, 443 (Ct.Cl. 1930), Form 23-C is mentioned: When the Commissioner of Internal Revenue makes an assessment of taxes, he signs a list entitled "Commissioner's assessment list" on Form 23C-1.

19. In Brafman v. United States, 384 F.2d 863 (5th Cir. 1967), the procedure for the execution of a tax assessment on a Form 23-C was articulated. In Brafman, the government sought to attach liability for unpaid estate taxes to an heir of that estate

under a transferee liability theory. But, Mrs. Brafman argued that she was not so liable because the assessment certificate relevant in that case was unsigned. In agreeing with that argument and holding the certificate at issue void, the court stated:

> The assessment certificate involved in this case, a photostated [sic] copy of which is in the record, is not signed by an assessment officer or by any other official ... Since the certificate lacks the requisite signature, it cannot constitute a valid assessment. Id. at 865-66.

Even the instructions on the reverse side of the assessment certificate, Form 23-C, specify that the original form "is to be transmitted to the District Director for signature, after which it will be returned to the Accounting Branch for permanent filing." Id. at 866.

What is important in any case is that the assessment is not automatic upon recordation; **it requires the action of an assessment officer**. That action, as defined explicitly in the Treasury Regulations, is the signing of the certificate. Id. at 867. See also Stallard v. United States, 806 F.Supp. 152, 158 (W.D.Tex. 1992) (Defendant submitted a "Form 23C," which it asserts is a summary record of assessment.) See also Robinson v. United States, 920 F.2d 1157 (3rd Cir. 1990).

20. Merely demanding payment for a tax, even repeatedly, does not cause liability. Bothke v. Fluor Engineers and Constructors, Inc., 713 F.2d 1405 (1983).

21. Several cases disclose the type of information which must be contained on a Form 23-C tax assessment record and its supporting list. For example, in Ianelli v. Long,

329 F.Supp. 1241, 1242 (W.D.Pa. 1971), the description of the various data is as follows:

> The procedure for assessment provides, inter alia, that the assessment officer shall sign the summary record of assessments made against any tax payer, that said action, through supporting records, shall provide identification of the tax payer, the character of the liability assessed, the taxable period as applicable, and the amount of the assessment. The date of the assessment is the date the summary record is signed by an assessment officer. 26 U.S.C.A. § 301.6203-1, Code of Federal Regulations. **Since this procedure was not followed, in this case, therefore, the assessment is void and the executions based thereon are invalid** (emphasis added). In Planned Investments, Inc. v. United States, 881 F.2d 340, 343 (6th Cir. 1989), the court examined the requirements of 26 C.F.R. § 301.6203-1 and concluded:
> Section 6203 of Subchapter A provides that assessment be made by recording the liability in accordance with the regulations promulgated by the Secretary. 26 U.S.C. § 6203 … Treasury regulations provide that the assessment be made by signing the summary record of assessment. 26 C.F.R. § 301.6203-1. The summary record, through supporting documents, must contain the following:
> (1)   identification of the taxpayer;
> (2)   character of liability assessed;
> (3)   taxable period, if applicable; and
> (4)   amount of assessment.
> Finally, the court in Robinson v. United States, 920 F.2d 1157, 1158 (3rd Cir. 1990), described the assessment process as:
> A duly designated official for the district or regional tax center signs the summary record of the assessment, which identifies the taxpayers, the type of tax owed, the taxable period and the amount of the assessment. 26 U.S.C. § 6203; Treas. Reg. § 301.6203-1. See also Essex v. Vinal, 499 F.2d 265, 230 (8th Cir. 1974).

22.   There is no statutory authority for the IRS to substitute a RACS 006 or a Form 4340 (Certificate of Assessments and Payments) for a Form 23-C (Summary Record of

Assessment).

23. Absent a lawful assessment, a tax is not owed. <u>Ridinsky v. United States</u>, 622 F. Supp. 331 (1985); <u>Estate of M. Karl Goetz v. United States</u>, 286 F.Supp. 128; <u>In re Western Trading Co.</u>, 340 F.Supp. 1130 (D.Nev. 1972). **The absence of the requisite documents proves that there has been no assessment and, consequently, no tax collection activities may be pursued.** (**Mandatory Judicial Notice** FED.R.EVID. 201).

24. It is well established that anyone who deals with the government assumes the risk that the agent acting in the government's behalf has exceeded the bounds of his authority. <u>Bollow v. Federal Reserve Bank of San Francisco</u>, 650 F.2d 1093 (9th Cir. 1981); <u>Lavin v. Marsh</u>, 644 F.2d 1378 (9th Cir. 1981); <u>Federal Crop Ins. Corp. v. Merrill</u>, 332 U.S. 380, 68 S.Ct. 1 (1947); <u>Government of the Virgin Islands v. Gordon</u>, 244 F.2d 818 (3rd Cir. 1957). However, public officers are but agents whose authority is defined and limited by law. Their acts beyond their lawful powers are ineffectual to bind the public, which they represent, and their neglect and laches can seldom affect public rights. <u>Hale County, Texas v. American Indemnity Co</u>, 63 F.2d 275 (5th Cir. 1933); <u>Board of Comm. of Peace Officers Annuity and Benefit Fund v. Clay</u>, 214 Ga. 70, 102 S.E.2d 575, (1958); <u>Pierce v. United States</u>, 7 Wall. (74 U.S. 666, 673 (1868); <u>Federal Trade Commission v. Raladam Co.</u>, 283 U.S. 643, 51 S.Ct. 587 (1931); <u>United States v. Forster</u>, 131 F.2d 3 (8th Cir. 1942). The

acts of federal agents — committed without delegated authority — are also held void in Cudahy Packing Co. v. Holland, 314 U.S. 357, 62 S.Ct. 651 (1942); United States v. Giordano, 416 U.S. 505, 94 S.Ct. 1820 (1974); United States v. Pees, 645 F.Supp. 687 (D.Col. 1986); United States v. Hovey, 674 F.Supp. 161 (D.Del. 1987); United States v. Spain, 825 F.2d 1426 (10th Cir. 1987); United States v. Emerson, 846 F.2d 541 (9th Cir. 1988); United States v. McLaughlin, 851 F.2d 283 (9th Cir. 1988); and United States v. Widdowson, 916 F.2d 587, 589 (10th Cir. 1990).

25. Plaintiff(s) exclusive remedy is found under 26 U.S.C. § 7433. Schipper v. United States (E.D.N.Y. 1995); Barron v. United States (D.C.N.H. 1998); Valladares v. IRS (E.D.Cal. 2001); Gille v. United States, 838 F.Supp. 521 (N.D.Okla. 1993); Information Resources, Inc. v. United States, 950 F.2d 1122, ( 5th Cir. 1992).

26. Administrative claims which plaintiff(s) filed with the Internal Revenue Service and the Secretary of the Treasury worked to satisfy the requirement that a "taxpayer" must exhaust administrative remedies before bringing suit for disregarding provisions of Title 26 United States Code and its regulations in connection with collection activities. Even assuming some minor defect in plaintiff(s) administrative claim, requiring plaintiff(s) to again pursue administrative remedies would amount to nothing more than futile reexhaustion. Hurt v. United States, 914 F. Supp. 1346, (S.D.W.Va. 1996).

27. The penalties for disclosure of confidential information by an officer or employee of

the United States or of any department or agency thereof are prescribed in 18 U.S.C. § 1905. In <u>United States v. Lee</u>, 106 U.S. 196, 1 S.Ct. 240 (1882), the Court held:

> No man in this country is so high that he is above the law. No officer of the law may set that law at defiance with impunity. All the officers of the government, from the highest to the lowest, are creatures of the law and are bound to obey it. It is the only supreme power in our system of government, and every man who by accepting office participates in its functions is only the more strongly bound to submit to that supremacy, and to observe the limitations which it imposes upon the exercise of the authority which it gives.

## V

## **CONCLUSION**

28. As a direct and proximate result of the reprehensible, egregious, and vexatious conduct and the wanton disregarding of provisions of Title 26 United States Code and the regulations promulgated there-under by defendant's principals, officers, agents, rogue agents and/or employees of the Internal Revenue Service in connection with the collection of federal tax plaintiff(s) has/have suffered substantial personal embarrassment, loss of income, and loss of goodwill, resulting in actual damages, the extent of which at this time cannot be completely and accurately ascertained, but which will be more fully known after a determination, by the court, that the defendant's principals, officers, agents, rogue agents and/or employees of the Internal Revenue Service in connection with the collection of federal tax from the plaintiff(s), recklessly, intentionally or by reason of negligence, disregarded any

provision of Title 26 United States Code and/or any regulation promulgated under Title 26 United States Code.

29. Such reprehensible, egregious, and vexatious conduct and the wanton disregarding of the provisions of Title 26 United States Code and the regulations promulgated thereunder by defendant's principals, officers, agents, rogue agents and/or employees of the Internal Revenue Service in connection with the collection of federal tax entitles plaintiff(s) to punitive damages the extent of which at this time cannot be completely and accurately ascertained, but which will be known more fully after a determination, by the court, that the defendant's principals, officers, agents, rogue agents and/or employees of the Internal Revenue Service in connection with the collection of federal tax from the plaintiff(s), recklessly, intentionally or by reason of negligence, disregarded any provision of Title 26 United States Code and/or any regulation promulgated under Title 26 United States Code.

30. Plaintiff(s) may forego exhausting administrative remedies that are either futile or inadequate, Ft. Sumter Tours, Inc. v Andrus (1977, DC SC) 440 F Supp 914, affd (CA4 SC) 564 F2d 1119, 24 CCF ¶ 81817; Winterberger v General Teamsters Auto Truck Drivers & Helpers (1977, CA9 Or) 558 F2d 923, 96 BNA LRRM 2092, 82 CCH LC ¶ 10085; Wallace v Lynn (1974) 165 App DC 363, 507 F2d 1186, 8 CCH EPD ¶ 9822, or when agency action exceeds statutory authorization. Georgia Dept. of Transp. v Dole (1983, ND Ga) 561 F Supp 1024; Blue Ribbon Quality Meats, Inc.

<u>v Federal Trade Com</u>. (1976, WD Mo) 434 F Supp 159, *affd* (CA8) 560 F2d 874, 1977-2 CCH Trade Cases ¶ 61554. and has/have commenced this action within two (2) years after the date on which the right of this action accrued.

### REMEDY SOUGHT

31. Determination that the defendant's principals, officers, agents, rogue agents and/or employees of the Internal Revenue Service in connection with the collection of federal tax from the plaintiff(s), recklessly, intentionally or by reason of negligence, disregarded any provision of Title 26 United States Code and/or any regulation promulgated under Title 26 United States Code.

32. Upon a determination that the defendant's principals, officers, agents, rogue agents and/or employees of the Internal Revenue Service in connection with the collection of federal tax from the plaintiff(s), recklessly, intentionally or by reason of negligence, disregarded any provision of Title 26 United States Code and/or any regulation promulgated under Title 26 United States Code a determination of the amount of damages for which the plaintiff(s) is/are entitled to amend the reprehensible, egregious, and vexatious behavior of the defendant.

33. Further relief as the court determines is justified.

Dated: 1-10, 2006

_____    _____
Maurita Martin                       David Pennington

## AFFIDAVIT

Affiant, Maurita Martin, David Pennington is of lawful age and competent to testify, after having been duly sworn, state as follows based upon affiant's own personal knowledge:

1. It is not now, nor has it ever been, affiant's intent to avoid paying any tax that affiant is legally liable to pay or that affiant lawfully owes.

2. Affiant is not in possession of any document which verifies that defendant has complied with 26 U.S.C §6201(a) by making an assessment of the taxes affiant allegedly owes;

3. Affiant is not in possession of any document which verifies that defendant has complied with 26 U.S.C §6202 by making an assessment of the taxes affiant allegedly owes within the time and mode set forth by the secretary;

4. Affiant is not in possession of any document which verifies that defendant has complied with 26 U.S.C. §6203 by recording an assessment of the taxes affiant allegedly owes;

5. Affiant is not in possession of any document which verifies that defendant has complied with 26 U.S.C. §6203 by furnishing affiant copies of records of assessment upon affiants request;

6. Affiant is not in possession of any document which verifies that defendant has complied with 26 U.S.C. §7214(a) by not attempting and continuing to attempt to collect sums greater than appear on records of assessment;

7. Affiant is not in possession of any document which verifies that affiant owes a "tax" to the United States Treasury.

8. Affiant is not in possession of any document which verifies that the defendant has complied with all collection procedures required by the IRS Code and its regulations.

9. Affiant is not in possession of any document which identifies the authority for the IRS to substitute a RACS 006 or a Form 4340 (Certificate of Assessments and Payments) for a Form 23-C (Summary Record of Assessment).

10. To the best of affiant's knowledge, affiant has timely attempted to respond to every

single solitary presentment made to affiant by the IRS.

11. Affiant has repeatedly asked for the IRS to comply with its own administrative procedures.

12. Pursuant to 26 C.F.R. §601.702(c) the IRS is required to answer any correspondence of a "taxpayer" within 10 days. Affiant has repeatedly sent numerous correspondence that the IRS has repeatedly and willfully failed to answer.

13. Affiant has requested copies of lawful summary records of assessments (Forms 23-C) from the Commissioner of the IRS. Affiant received no response.

14. Pursuant to lawful procedure, affiant has requested, from the Secretary of the Treasury, a refund of all unassessed taxes taken from affiant. Affiant received no response.

15. The IRS has sent numerous letters to the plaintiff each alleging a different amount in dispute.

16. Affiant has exhausted all administrative remedies, attempted to mitigate damages and has commenced this action within two (2) years after the date on which the right of this action accrued.

17. Affiant believes there is no possible way that the United States can rebut any of the claims made in this pleading.

Dated: 1-10 , 2006

_____          _____
Maurita Martin                                       David Pennington

### Acknowledgment

On the above inscribed date before the undersigned, a Notary Public for the State of Idaho, personally appeared, Maurita Martin, David Pennington known to me to be the person(s) whose name(s) are subscribed to the within instrument, and acknowledged to me that he/she/they executed the same as his/her/their free act and deed.

_____
Notary, State of Idaho
Michelle L. Smith  Comm exp. 6-27-08

Maurita Martin v. United States.          page 18 of 18 pages          26 U.S.C. §7433 Complaint