IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAURITA MARTIN ) | |
| DAVID PENNINGTON, ) | |
| ) | |
| Plaintiffs, ) | No. 1:05-cv-02506 (EGS) |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

**UNITED STATES' MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**

Under Fed.R.Civ.P. 12(b)(1) and (6), the United States respectfully requests that the Court dismiss this action. As grounds for this motion, the United States asserts that plaintiffs have failed to demonstrate that they have exhausted their administrative remedies and they have failed to state a claim upon which relief can be granted. Plaintiffs do not allege that they have exhausted their administrative remedies; instead they assert that they may forego exhausting administrative remedies that are either futile or inadequate. Moreover, plaintiffs have not alleged sufficient facts to demonstrate that they are entitled to any relief.

1567984.1

A supporting memorandum of law and proposed order are filed with this motion.1/

Date: February 28, 2006.

                 Respectfully submitted,

                 /s/ Pat S. Genis
                 PAT S. GENIS, #446244
                 Trial Attorney, Tax Division
                 U.S. Department of Justice
                 Post Office Box 227
                 Washington, D.C.  20044
                 Telephone:  (202) 307-6390

OF COUNSEL:

KENNETH L. WAINSTEIN
United States Attorney
555 4th Street, NW
Washington, DC 20001
Telephone: (202) 514-7566

---

  1/ Also attached is a Notice of Related Cases, listing cases which, save for the identity of the plaintiffs, are identical, or nearly identical, to plaintiff's complaint.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAURITA MARTIN<br>DAVID PENNINGTON,<br><br>      Plaintiffs,<br><br>v.<br><br>UNITED STATES,<br><br>      Defendant. | )<br>)<br>)<br>) No. 1:05-cv-02506 (EGS)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF UNITED STATES' MOTION TO DISMISS PLAINTIFF'S AMENDED
COMPLAINT**

Plaintiffs seek damages under 26 U.S.C. § 7433, but they have not demonstrated that they have exhausted their administrative remedies, thus depriving this Court of jurisdiction over their claim. Further, plaintiffs' voluminous and vague allegations fail to state sufficient facts to demonstrate that they are entitled to relief, thus, they have also failed to state a claim upon which relief can be granted. Therefore, this Court should dismiss plaintiffs' amended complaint.

<u>This Court Lacks Subject-Matter Jurisdiction</u>.

This Court does not have jurisdiction over plaintiffs' section 7433 claim because they have failed to demonstrate that they have exhausted their administrative remedies as is required before the United States' sovereign immunity is waived. On the contrary, plaintiffs state that they may forego exhausting administrative remedies that are either futile or inadequate. (Am. Compl. ¶ 6.)

The United States can be sued only where it has expressly consented to suit. United States v. Dalm, 494 U.S. 596, 608 (1990); United States v. Testan, 424 U.S. 392, 399 (1976). "It long has been established . . . that the United States, as sovereign, `is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" Testan, 424 U.S. at 399, quoting United States v. Sherwood, 312 U.S. 584, 586 (1941). Moreover, the party bringing suit must show that the United States has unequivocally waived its sovereign immunity. West v. F.A.A., 830 F.2d 1044, 1046 (9th Cir. 1987), cert. denied, 485 U.S. 1007 (1988). Section 7433 of the Internal Revenue Code (26 U.S.C.) provides the predicates for the United States' waiver of sovereign immunity with respect to suits for wrongful collection actions. The Court lacks jurisdiction over the plaintiffs' claims because the predicates of section 7433 have not been met.

Under section 7433(a), prior to bringing a suit in federal district court for damages for the unauthorized collection of taxes, taxpayers must exhaust their administrative remedies. 26 U.S.C. § 7433(a). Section 7433 provides that

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly, intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in section 7432 [which is inapplicable to plaintiffs' suit] such action shall be the exclusive remedy for recovering damages resulting from such actions.

26 U.S.C. § 7433(a). "A judgment for damages shall not be awarded under [7433]

subsection (b) *unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service.*" 26 U.S.C. § 7433(d)(1) (emphasis added).

The Secretary of the Treasury has promulgated regulations governing the administrative claim for damages under section 7433. See 26 C.F.R. § 301.7433-1(e). The regulations provide that

> *An administrative claim for the lesser of $1,000,000 ($100,000 in the case of negligence) or actual, direct economic damages, as defined in paragraph (b) of this section [7433] shall be sent in writing* to the Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides.

26 C.F.R. § 301.7433-1(e)(1) (emphasis added). The taxpayer must send a written administrative claim for damages to the area director in the district in which the taxpayer lives and include the following: (1) the grounds for the claim; (2) a description of the injuries incurred by the taxpayer; (3) the dollar amount of the claim or that amount which is reasonably foreseeable; and (4) the signature of the taxpayer. 26 C.F.R. § 7433-1(3)(1) and (2). Failure to comply with this regulation deprives a court of jurisdiction. See Venen v. United States, 38 F.3d 100, 103 (3d Cir. 1994); Conforte v. United States, 979 F.2d 1375 (9th Cir. 1992); see also, McGuirl v. United States, 360 F.Supp.2d 125, 128 (D.D.C. 2004).

Here, plaintiffs have not alleged that they filed a written claim with the district director which complies with the requirements of the regulations. Instead, they state that they are entitled to "forego exhausting administrative remedies that are either

1567984.1                                   - 3 -

futile or inadequate."  (Am. Compl. ¶ 6.)   Therefore, plaintiffs have not met their burden to prove they exhausted their administrative remedies.  Indeed, it can be inferred from plaintiffs' statement that they <u>did not</u> exhaust their administrative remedies, deeming such administrative remedies either futile or inadequate.  Because plaintiffs have not met their burden to prove that they have exhausted their administrative remedies, this Court does not have jurisdiction over their section 7433 claim, and the Court should dismiss plaintiffs' amended complaint.

<u>Plaintiffs Have Failed to State a Claim</u>.

Plaintiffs purport to state a claim for damages under 26 U.S.C. § 7433, and seek unspecified damages (Am. Compl. ¶¶ 31, 32).   Plaintiffs' complaint is legally insufficient, and should be dismissed under Fed.R.Civ.P. 12(b)(6).  Section 7433 permits a taxpayer to bring a civil action for damages against the government "[i]f, in connection with the collection of federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally disregards any provision of the [Internal Revenue Code] or any regulation promulgated" thereunder.  26 U.S.C. § 7433.

Under rule  8(a), a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a).  But, here, there are no facts in the plaintiffs' complaint to support a claim for damages, and thus, this Court should conclude that they have not in fact stated such a claim.  For example, plaintiffs do not state what specific tax years are at issue, the type of tax, or the amount

in dispute. In fact, no facts are alleged which establish that "any officer or employee of the [IRS] recklessly or intentionally disregard[ed] any provision of the [Code]." 26 U.S.C. § 7433. Because plaintiffs have failed to state a claim upon which relief can be granted, this Court should dismiss this case.

## CONCLUSION

This Court does not have subject-matter jurisdiction over plaintiffs' claims for a tax refund because plaintiffs have failed to prove that they exhausted their administrative remedies and have failed to state a claim upon which relief can be granted. Therefore, the Court should dismiss plaintiffs' amended complaint.

DATED:    February 28, 2006.

>       Respectfully submitted,
>
>       /s/ Pat S. Genis
>       PAT S. GENIS #446244
>       Trial Attorney, Tax Division
>       United States Department of Justice
>       Post Office Box 227
>       Washington, DC 20044
>       Telephone: (202) 307-6390

OF COUNSEL:

KENNETH L. WAINSTEIN
United States Attorney
555 4th Street, NW
Washington, DC 20001
Telephone: (202) 514-7566

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAURITA MARTIN<br>DAVID PENNINGTON,<br><br>      Plaintiffs,<br><br>v.<br><br>UNITED STATES,<br><br>      Defendant. | )<br>)<br>)<br>) No. 1:05-cv-02506 (EGS)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **ORDER**

Having considered the UNITED STATES' MOTION TO DISMISS AMENDED COMPLAINT, the supporting memorandum of points and authorities, any opposition and reply thereto, and the entire record of this proceeding, it is by the Court

ORDERED that the motion is GRANTED; and it is further

ORDERED that this action be, and is, DISMISSED;  and it is further

ORDERED that the Clerk shall distribute copies of this order to the persons listed below.

SO ORDERED this ____ day of _____ 2006.

                                                    _____
                                                    UNITED STATES DISTRICT JUDGE

Copies to:

Pat S. Genis
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC  20044

Maurita Martin
David Pennington
P.O. Box 3935
Hailey, ID 833-3935

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAURITA MARTIN <br> DAVID PENNINGTON, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | ) <br> ) <br> ) <br> ) No. 1:05-cv-02506 (EGS) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**CERTIFICATE OF SERVICE**

IT IS CERTIFIED that the UNITED STATES' MOTION TO DISMISS, supporting MEMORANDUM and proposed ORDER were served upon the following persons on February 28, 2006, by sending a copy by First Class mail, postage prepaid, addressed as follows:

        Maurita Martin
        David Pennington
        P.O. Box 3935
        Hailey, ID 833-3935

           /s/ Pat S. Genis
        PAT S. GENIS, #446244