**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **MAURITA MARTIN, *et al.*,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | **Civil Action No. 05-2506 (RMC)** |
| | ) | |
| **UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**<u>MEMORANDUM OPINION</u>**

The United States moves to dismiss the complaint of Maurita Martin and David Pennington, who allege that they are entitled to damages[1] in connection with the collection of federal taxes. Plaintiffs allege that the Internal Revenue Service ("IRS"), beginning in tax year 1996, recklessly, intentionally, and negligently disregarded provisions of the Internal Revenue Code ("Code") and its regulations. The Government argues that because the Plaintiffs did not exhaust administrative remedies, the Court does not have subject-matter jurisdiction to consider the Plaintiffs' suit and that the Plaintiffs have failed to state a claim upon which relief can be granted. Plaintiffs assert that they need not exhaust administrative remedies if those remedies are inadequate or futile. After careful review of the Plaintiffs' Complaint and their opposition to the Government's motion to dismiss, and recognizing that Plaintiffs are proceeding *pro se* in this matter, the Court finds that the Complaint must be dismissed because the Plaintiffs did not exhaust administrative remedies with respect to their claim for damages.

---

[1] Plaintiffs do not request any other forms of relief in their Complaint.

# I. BACKGROUND

The Plaintiffs filed suit on December 30, 2005, pursuant to the Taxpayer Bill of Rights ("TBOR"), 26 U.S.C. §7433, seeking damages for reckless, intentional, and negligent actions by the IRS.[2] They allege that, beginning in 1996, the IRS violated various sections of the Code by:

(1)  failing to assess taxes Plaintiffs allegedly owed;

(2)  failing to assess taxes in the time and manner set by the Secretary of the Treasury;

(3)  failing to record an assessment of their taxes;

(4)  failing to provide them with records of tax assessment upon request;

(5)  attempting to collect taxes in amounts greater than the amount stated on records of assessment;

(6)  "abrogating plaintiff(s) [sic] guaranteed availability of an installment agreement";

(7)  failing to send Plaintiffs a 90-day notice of deficiency letter;

(8)  failing to notify them of the deadline to file a petition in the Tax Court;

(9)  filing an "invalid and unlawful Notice of Tax Lien" against them;

(10)  failing to release tax liens "when it became obvious that said lien(s) was/were invalid and unlawful";

(11)  failing to refund all "unassessed taxes" upon written request by the Plaintiffs to the United States Treasurer;

(12)  failing to "suspend interest and penalties for reason that defendant has not specifically stated the amount of, and the basis for[,] the liability defendant says plaintiff(s) owe(s) [sic]";

(13)  neglecting to assess taxes within three years;

(14)  failing to, prior to imposing a penalty, notify Plaintiffs of the name of the penalty, the Code section authorizing the penalty, and how the penalty was computed;

(15)  failing to "verify that a supervisor had personally approved, in writing, the initial penalty determination";

(16)  failing to provide non-binding mediation to Plaintiffs;

(17)  "refusing to prove items of income which were reconstructed

---

[2]  The Plaintiffs' suit is nearly identical to others filed recently in this Court, seeking monetary damages from the IRS. *See Gaines v. United States*, 424 F. Supp. 2d 219, 221 (D.D.C. 2006) (collecting cases).

> solely through the use of statistical information on unrelated taxpayers"; and
>
> (18) failing to comply with federal laws that require the IRS "to make and preserve records containing adequate and proper documentation of[] the organization of the agency; the functions of the agency; the procedures of the agency; and the essential transactions of the agency."

Compl. ¶ 7(a)-(r). Additionally, the Plaintiffs assert that

> [a]s a direct and proximate result of the reprehensible, egregious, and vexatious conduct and the wanton disregarding of provisions of Title 26 [of the] United States Code and the regulations promulgated there-under [sic] . . . in connection with the collection of federal tax[,] plaintiff(s) has/have [sic] suffered substantial personal embarrassment, loss of income, and loss of goodwill, resulting in actual damages.

Compl. ¶ 28. The Plaintiffs essentially argue that they are entitled to damages because the IRS improperly assessed their taxes for the tax years at issue and failed to provide them with records adequately reflecting the tax assessments made. Compl. ¶¶ 8, 11-14, 23.

The Plaintiffs also contend, based on the alleged Code violations by the IRS, that they may "forego exhausting administrative remedies that are either futile or inadequate . . . or when agency action exceeds statutory authorization." Compl. ¶ 6. They assert that their repeated requests for information from the IRS, without success, are sufficient to satisfy the requirement to exhaust administrative remedies. Compl. ¶ 9. They also state that "[a]dministrative claims which plaintiff(s) [sic] filed with the Internal Revenue Service and the Secretary of the Treasury worked to satisfy the requirement that a 'taxpayer' must exhaust administrative remedies before brining suit for disregarding provisions of Title 26 [of the] United States Code and its regulations in connection with collection activities." Compl. ¶ 26. Therefore, according to the Plaintiffs, their "exclusive remedy" is found in 26 U.S.C. § 7433. Compl. ¶ 25. The Government seeks to dismiss the Complaint

pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## II.  LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 12(b)(1), the Plaintiffs bear the burden of proving by a preponderance of the evidence that the Court possesses jurisdiction over the subject matter of their claims. *See Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 195 (D.D.C. 2002). In reviewing a motion to dismiss under Rule 12(b)(1), the Court must accept the allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. These allegations, however, "'will bear closer scrutiny in resolving a 12(b)(1) motion' than in resolving a 12(b)(6) motion for failure to state a claim." *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13-14 (D.D.C. 2001) (quoting 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE 2D, § 1350). The Court may consider information outside of the pleadings to determine its jurisdiction. *Lipsman v. Sec'y of Army*, 257 F. Supp. 2d 3, 6 (D.D.C. 2003).

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). The complaint need only set forth a short and plain statement of the claim, giving the defendant fair notice of the claim and the grounds upon which it rests. *Kingman Park Civic Ass'n v. Williams*, 348 F.3d 1033, 1040 (D.C. Cir. 2003) (citing Fed. R. Civ. P. 8(a)(2) and *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "The accepted rule in every type of case" is that a court should not dismiss a complaint for failure to state a claim unless the defendant can show "beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Warren v. District of Columbia*, 353 F.3d 36, 37 (D.C. Cir. 2004) (citations omitted). A court's resolution of a Rule 12(b)(6) motion represents a ruling on the merits

-4-

with res judicata effect.  *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987).

### III.  ANALYSIS

#### A.  Proper Basis for Dismissal of Damages Claim

The Government claims that dismissal of the Plaintiffs' damages claim is proper under both Rule 12(b)(1) for lack of subject-matter jurisdiction and under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  The United States seemingly recognizes the split of authority in this District regarding whether the exhaustion of administrative remedies is a jurisdictional prerequisite to bringing suit.  *See Lindsey v. United States*, No. 05-1761, 2006 U.S. Dist. LEXIS 58657, at *41-43 (D.D.C. Aug. 22, 2006) (citing cases on both sides of the issue).  The Court holds that Rule 12(b)(6) is the proper basis upon which to address Plaintiffs' damages claim, since failure to exhaust administrative remedies is not a jurisdictional prerequisite to bringing suit but only an element of a claim.  *See Arbaugh v. Y & H Corp.*, 126 S. Ct. 1235, 1245 (Feb. 22, 2006); *see also Turner v. United States*, 429 F. Supp. 2d 149, 154 (D.D.C. 2006); *Lindsey*, 2006 U.S. Dist. LEXIS 58657, at *38 ("This affirmative defense is thus properly brought through a motion to dismiss for failure to state a claim upon which relief can be granted.").

The Supreme Court noted in *Arbaugh* that the principles behind Rule 12(b)(1) and Rule 12(b)(6) are very different and the consequences are similarly different. 126 S. Ct. at 1244-45.  A question of subject-matter jurisdiction "involves the court's power to hear a case" and "can never be forfeited or waived."  *Id.* at 1244 (citation omitted).  Thus, it can be raised at any time by any party or by the court *sua sponte*.  Whether a plaintiff has stated a claim upon which relief can be granted involves the legal basis of the claim or the relief sought, not the power of the court to hear it.  A motion under Rule 12(b)(6) can be waived by failing to make it soon enough.  *Id.* at 1240.

This Circuit recognizes that "the word 'exhaustion' now describes two distinct legal concepts." *Avocados Plus v. Veneman*, 370 F.3d 1243, 1247 (D.C. Cir. 2004). "Non-jurisdictional exhaustion" is a "judicially created doctrine requiring parties who seek to challenge agency action to exhaust available administrative remedies before bringing their case to court." *Id.* "Jurisdictional exhaustion," however, occurs when Congress uses its power to control the jurisdiction of the federal courts through administrative requirements. *Id.* The presumption that an exhaustion requirement is non-jurisdictional can only be overcome by statutory language in which Congress "states in clear, unequivocal terms that the judiciary is barred from hearing an action until the administrative agency has come to a decision." *Id.* at 1248 (quoting *I.A.M. Nat'l Pension Fund Benefit Plan C v. Stockton Tri Indus.*, 727 F.2d 1204, 1208 (D.C. Cir. 1984)) (internal quotation marks omitted). This language must be "sweeping and direct." *Id.* at 1248 (quoting *Weinberger v. Salfi*, 422 U.S. 749, 757 (1975)) (internal quotation marks omitted).

*Arbaugh* reminded the lower courts of these distinctions and cautioned against "drive-by jurisdictional rulings" that fail to recognize the differences. *Arbaugh*, 126 S. Ct. at 1242. To assist the courts, the Supreme Court enunciated a rule to be applied:

> If the Legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional, then courts and litigants will be duly instructed and will not be left to wrestle with the issue. But when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character.

*Id.* at 1245 (citation omitted). Congress has plainly demonstrated its ability to write clear jurisdictional language into other sections of the Code and has chosen not to do so in § 7433. For example, 26 U.S.C. 7421(a), which states that "except as provided [in various sections of the Code], no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in

any court by any person, whether or not such person is the person against whom such tax was assessed," was previously found by this Circuit to "by its terms den[y] *jurisdiction* to 'any court' in actions seeking to enjoin the assessment or collection of taxes." *Americans United Inc. v. Walters*, 477 F.2d 1169, 1175 (D.C. Cir. 1973) (emphasis added); *see also Gardner v. United States*, 211 F.3d 1305, 1311 ("The District Court must dismiss for lack of *subject matter jurisdiction* any suit that does not fall within one of the exceptions to [§ 7421(a)]." (emphasis added)). In addition, 26 U.S.C. § 7422(a) contains jurisdictional language, stating that "no suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously . . . assessed or collected . . . until a claim for refund or credit has been duly filed . . . according to the provisions of law in that regard."

The statutory language of these provisions is in sharp contrast with that of § 7433, which merely states that "a judgment for damages shall not be awarded . . . unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service." 26 U.S.C. § 7433(d)(1). The conspicuous absence of jurisdictional language in § 7433 leads this Court to heed the Supreme Court's warning against "drive-by jurisdictional rulings." *Arbaugh*, 126 S. Ct. at 1242.

Therefore, this Court is persuaded to adhere to the cautionary instructions in *Arbaugh* and finds that exhaustion of administrative remedies under TBOR is non-jurisdictional. The statute is crystal clear that pre-suit exhaustion is a requirement to the maintenance of the suit for damages, but it does not address a district court's jurisdiction. Congress must "clearly state[]" that "a threshold limitation on a statute's scope shall count as jurisdictional," *Arbaugh*, 126 S. Ct. at 1245, and because jurisdiction is such a fundamental concept, its absence cannot be assumed without a

definite expression of congressional intent. Thus, TBOR is not sufficiently definite under *Arbaugh*, and the Court will assess whether the Plaintiffs properly state a claim upon which relief may be granted, pursuant to Rule 12(b)(6).

### B.  Exhaustion of Administrative Remedies Under 26 U.S.C. § 7433

Under § 7433(d)(1), exhaustion of administrative remedies is a necessary predicate to bringing a suit for damages. 26 U.S.C. § 7433(d)(1) (stating that "a judgment for damages shall not be awarded . . . unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service"). Regulations promulgated by the Secretary of the Treasury provide that an administrative claim for monetary damages must be submitted to the Area Director, Compliance Technical Support Manager, of the geographical area in which the taxpayer currently resides. *Id.* at 3; *see also* 26 C.F.R. § 301.7433-1(e)(1). In this written notice, the taxpayer is to notify the IRS of (1) the name, current address, current telephone numbers, and taxpayer identification number; (2) the grounds for the claim; (3) a description of the injuries incurred by the taxpayer; (4) the dollar amount of the claim, including any damages not yet incurred but that are reasonably foreseeable; and (5) the signature of the taxpayer. 26 C.F.R. § 301.7433-1(e)(1), (2). According to the United States, any lawsuit is fatally deficient unless preceded by this notice and opportunity for the IRS to consider a claim prior to litigation. Def's. Mot. at 2-3.

Plaintiffs argue that they may "forego exhausting administrative remedies that are either futile or inadequate . . . or when agency action exceeds statutory authorization." Compl. ¶ 6. They also state that they have exhausted administrative remedies "in that plaintiff(s) has/have [sic] written numerous requests for documents and authorities which require responses from the IRS. The

IRS has failed and/or refused to respond or has responded with frivolous responses. Requiring plaintiff(s) [sic] to again pursue administrative remedies would amount to nothing more than futile reexhaustion." Compl. ¶ 9. However, Plaintiffs' contact with the IRS was not in conformity with § 301.7433-1(e), and, therefore, does not meet the administrative exhaustion requirements. Despite their repeated contact, the regulation is clear on the proper procedure to notify the IRS of a dispute. *See* 26 C.F.R. § 301.7433-1(e); *see also id.* § 301.7433-1(d) (section entitled "No civil action in federal district court prior to filing an administrative claim").

> As the Supreme Court has noted,
>
> the exhaustion doctrine recognizes the notion, grounded in deference to Congress' delegation of authority to coordinate branches of government, that agencies, not the courts, ought to have primary responsibility for the programs that Congress charges them to administer. Exhaustion concerns apply with particular force when the action under review involves exercise of the agency's discretionary power or when the agency proceedings in question allow the agency to apply its special expertise.

*McCarthy v. Madigan*, 503 U.S. 140, 145 (1992). Therefore, "[w]here Congress specifically mandates, exhaustion is required," and courts have "long acknowledged the general rule that parties exhaust prescribed administrative remedies before seeking relief from the federal courts." *Id.* at 144-45. The Court cannot agree with Plaintiffs' argument that they should be excused from first advancing their claims in the administrative process. As the court in *Turner* succinctly explained:

> Plaintiffs . . . miss the mark with their arguments that the 301.7433-1(e) procedures are inadequate or that pursuit of administrative remedies would be futile. The TBOR admits of no such exceptions to its exhaustion requirement. . . . [W]hen exhaustion is mandated by statute, courts are not free to carve out exceptions that are not supported by the text.

429 F. Supp. 2d at 152 (citing *McCarthy*, 503 U.S. at 144 and *Avocados Plus*, 370 F.3d at 1247-48

(D.C. Cir. 2004) ("If [a] statute does mandate exhaustion, a court cannot excuse it.")). Congress very specifically imposed a requirement that TBOR plaintiffs first exhaust administrative remedies before repairing to court. The Plaintiffs have not complied.

Plaintiffs' further arguments that the regulation is an unreasonable interpretation of the statute, was promulgated in excess of the agency's authority, and frustrates Congress' intent fare no better. Pls.' Opp. at 12-16. Regulations issued by an agency interpreting and applying a statute are entitled to deference as long as the regulations implement the statute in some reasonable manner. *Chevron, U.S.A., Inc. v. Natural Resources Def. Council, Inc.*, 476 U.S. 837, 843-45 (1984). Congress explicitly directed the Secretary of the Treasury to issue "all needful rules and regulations" for the enforcement of the Code. 26 U.S.C. § 7805(a). When the statutory text does not directly and conclusively address the precise question covered by regulations, an agency's construction of its governing statute through its regulations should be sustained as long as it "is a reasonable policy choice for the agency to make." *Chevron*, 467 U.S. at 845. Undoubtedly, application of this standard here supports the IRS regulations.[3]

Plaintiffs have failed to exhaust their administrative remedies. Therefore, the Court will dismiss the damages claim for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6).

---

[3] The first Taxpayer Bill of Rights (TBOR I) required exhaustion of administrative remedies before suit. In 1996, Congress enacted TBOR II, which amended § 7433(d) to provide that failure to exhaust administrative remedies was merely a factor that a court could use to reduce a judgment. In 1998, in TBOR III, Congress reinstated, verbatim, the language of TBOR I, which required exhaustion of administrative remedies prior to filing suit in district court. *See* 26 U.S.C. § 7433; *see also* Pls.' Opp. at 5-7.

## IV.  CONCLUSION

For the reasons stated, the Complaint will be dismissed.  A memorializing order accompanies this memorandum opinion.


Date: September 22, 2006                    _____/s/_____
                                           ROSEMARY M. COLLYER
                                           United States District Judge